

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 20, 1961

Honorable J. M. Falkner
Commissioner
Department of Banking
Austin, Texas

Dear Mr. Falkner:

Opinion No. WW-1095

Re: Whether the Position Classifica-
tion Act of 1961 is applicable to
the Finance Commission, the
Banking Department, or the Sav-
ings and Loan Department.

In your letter of June 1, 1961, you request the opinion of this
office as to whether the Finance Commission and the Banking and Sav-
ings and Loan Departments are to be governed by the Position Classi-
fication Act of 1961 (Acts 1961, 57th Leg., p. 238, ch. 123), adopted
April 26, 1961, to become effective September 1, 1961.

Section 2 of said Act reads in part as follows:

"Sec. 2. All regular, full-time salaried employ-
ments within the departments and agencies of the State
specified in Article III, . . . of the bienniel Appropria-
tions Act, shall conform with the Position Classification
Plan hereinafter described and with the salary rates and
provisions of the applicable Appropriations Act commen-
cing with the effective date of this Act, with the exceptions
and deferments hereafter provided in this Section.

"Effective January 1, 1962, all regular, full-time
salaried employments in executive or administrative agen-
cies of the State, regardless of whether their funds are
kept inside or outside the State Treasury, shall also con-
form with the Position Classification Plan hereinafter
described and with the salary rates and provisions of the
General Appropriations Act with the exceptions hereinafter
provided in this Section.

" . . .

"Specifically excepted from the Position Classifica-
tion Plan hereinafter described are . . . such other positions

in the State Government as have heretofore been or as may hereafter be excluded from such Position Classification Plan . . . by direction of the Legislature. " (Emphasis supplied)

The question to be resolved is whether these Departments have been excluded from the Position Classification Plan by direction of the Legislature.

Article 342-112, V. C. S., (Texas Banking Code of 1943), has, since 1951, read in part as follows:

". . . Fees, penalties and revenues collected by the Banking Department from every source whatsoever shall be retained and held by said Department, and no part of such fees, penalties and revenues shall ever be paid into the General Revenue Fund of this State. All expenses incurred by the Banking Department shall be paid only from such fees, penalties and revenues, and no such expense shall ever be a charge against the funds of this State. The Finance Commission shall adopt, and from time to time amend, budgets which shall direct the purposes, and prescribe the amounts, for which the fees, penalties and revenues of the Banking Department shall be expended; . . ."

Article 342-205, V. C. S., relating to the savings and loan functions of the Finance Commission, was amended during the 57th Legislature by H. B. 91 (Acts 1961, p. 393, ch. 198), which creates a Savings and Loan Department operating in essentially the same manner as the Banking Department. This amendment was passed May 11, 1961, to become effective September 1, 1961. Subsections (b) and (h) of Section 2 of the amending act read in part as follows:

"(b) . . . The Deputy Savings and Loan Commissioner, the Savings and Loan Examiners and all other officers and employees of the Savings and Loan Department shall receive such compensation as is fixed by the Finance Commission which shall be paid from funds of the Savings and Loan Department."

"(h) . . . All expenses incurred by the Savings and Loan Department shall be paid only from such fees, penalties, charges and revenues, and no such expense shall ever be a

> charge against the funds of this State or the funds of the
> Banking Department. The Finance Commission shall adopt,
> and from time to time amend, budgets which shall direct
> the purposes, and prescribe the amounts, for which the
> fees, penalties, charges and revenues of the Savings and
> Loan Department shall be expended; . . ."

The primary objective sought in construing an act to determine its proper meaning is the ascertainment of the legislative intent; and, as stated in 39 Texas Jurisprudence, at page 172:

> "An important rule to be observed in statutory inter-
> pretation is that an act should be given a fair, rational,
> reasonable and sensible construction, considering its lan-
> guage and subject matter, and with a view to accomplishing
> the legislative intent and purpose. In other words, construc-
> tion should comport with common sense and justice, and
> irrational conclusions or deductions should be avoided. "

We are of the opinion that the Legislature considered that the Finance Commission and the Banking Department had been previously excluded from the Position Classification Plan under the language of Article 342-112, quoted above, and that the enactment of H. B. 91, containing specific language directing that all personnel affiliated with the new Savings and Loan Department are to be compensated from funds of the Savings and Loan Department in amounts fixed by the Finance Commission, is further evidence of the legislative intention to exempt these Departments from the Position Classification Plan. To decide otherwise would be to say that the Legislature approved the Position Classification Plan on April 26, 1961, and two weeks later approved and included meaningless provisions relating to salary disbursements in the amendment to the Banking Code.

> "The rule that statutes in pari materia will be con-
> strued together applies with peculiar force to acts passed at
> the same session of the Legislature, and with even greater
> force to acts passed at the same time. It is presumed that
> contemporaneous statutes are actuated by the same policy
> and imbued by the same spirit. Accordingly they will be
> read together, each in the light of the other, as though they
> were embraced in one act or were supplementary to each
> other.

> "The several acts will be harmonized and each will

be upheld and given effect unless their provisions are absolutely repugnant." 39 Tex. Jur. 258, Statutes, §137.

## SUMMARY

The Position Classification Plan, established by the Position Classification Act of 1961, does not apply to the Finance Commission and the Banking and Savings and Loan Departments.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Dudley D. McCalla_
Dudley D. McCalla
Assistant Attorney General

DDM/pe

APPROVED:

OPINION COMMITTEE:

Morgan Nesbitt, Chairman
Elmer McVey
John Reeves
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:          Houghton Brownlee